1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   GLENN LEROY BREWER,            )        NO. ED CV 15-2219-E
                                    )
12               Plaintiff,         )
                                    )
13         v.                       )        **MEMORANDUM OPINION**
                                    )
14   CAROLYN W. COLVIN, Acting      )        **AND ORDER OF REMAND**
     Commissioner of Social Security, )
15                                  )
                 Defendant.         )
16   _____)

17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied and this matter is remanded for further

21   administrative action consistent with this Opinion.

22

23                          **PROCEEDINGS**

24

25        Plaintiff filed a complaint on October 28, 2015, seeking review

26   of the Commissioner's denial of disability insurance benefits.  The

27   parties filed a consent to proceed before a United States Magistrate

28   Judge on December 8, 2015.  Plaintiff filed a motion for summary

judgment on June 17, 2016.  Defendant filed a motion for summary judgment on August 17, 2016.  The Court has taken the motions under submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed November 2, 2015.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since October 10, 2003, based on alleged physical impairments (Administrative Record ("A.R.") 162, 444).  In 2012, an Administrative Law Judge ("ALJ") denied benefits. <u>See</u> A.R. 140-49.  At that time, the ALJ found Plaintiff capable of performing certain of Plaintiff's past relevant work (A.R. 148-49).

The Appeals Council remanded the matter, instructing the ALJ to, <u>inter alia</u>: (1) evaluate further Plaintiff's ability to perform his past relevant work at step four of the sequential evaluation process; and (2) if the ALJ were to find Plaintiff could not perform his past relevant work, obtain supplemental evidence from a vocational expert to clarify the effect of Plaintiff's assessed limitations on the occupational base (A.R. 156).  The Appeals Council specifically instructed the ALJ to "identify and resolve any conflicts between the vocational expert's occupational evidence and information in the <u>Dictionary of Occupational Titles</u> ("DOT") and its companion publication, the <u>Selected Characteristics of Occupations</u>" (A.R. 156 (citing Social Security Ruling ("SSR") 00-4p)).

Following remand, the ALJ heard testimony from Plaintiff and a vocational expert (A.R. 4-56).  The ALJ found that Plaintiff has

severe physical impairments that restrict Plaintiff to a limited range
of light work as follows:

> [T]he claimant can lift, carry, push or pull 20 pounds
> occasionally and 10 pounds frequently; would need a
> sit/stand option of sitting for 30 to 45 minutes with brief
> position changes; no standing or walking for no [sic] more
> than 15 to 20 minutes at a time; can occasionally bend,
> stoop, climb stairs, and balance; can rarely squat, kneel,
> crouch, or crawl; cannot climb ladders, ropes, or scaffolds;
> cannot work around hazards; cannot repetitively or
> constantly reach or work overhead with either arm; no
> concentrated exposure to extreme cold; no repetitive or
> constant movement of the head or neck; and no static
> position of the head or neck for more than two hours at a
> time.

(A.R. 165).

The vocational expert testified that a person so limited could
perform two of Plaintiff's past relevant jobs as generally performed
(A.R. 29-31). Plaintiff's counsel asked the expert whether the DOT
addressed the standing and walking limitation to only 15 minutes at a
time (A.R. 45). The vocational expert answered "no" and said, "I was
integrating my knowledge and experience" (A.R. 46). The vocational
expert further testified that a person with Plaintiff's limitations
could perform light work as: (1) an information clerk (DOT 237.367-
018), of which 45,000 jobs reportedly exist in the national economy;

1   (2) a cafeteria cashier (DOT 211.462-010), of which 80,000 jobs

2   reportedly exist in the national economy; and (3) a counter clerk (DOT

3   249.366-010), of which 21,000 jobs reportedly exist in the national

4   economy (A.R. 48-49).  The vocational expert did not indicate whether

5   his testimony was consistent with the DOT, or whether Plaintiff's

6   limitations would erode any of the occupational bases for these jobs

7   (A.R. 49).[1]

8

9       The ALJ found Plaintiff unable to perform any of his past

10   relevant work (A.R. 171).  However, the ALJ adopted part of the

11   vocational expert's testimony, finding Plaintiff capable of making "a

12   successful adjustment to other work that existed in significant

13   numbers in the national economy" (A.R. 172-73).  Although the ALJ had

14   not asked the vocational expert whether the expert's testimony

15   regarding the identified jobs was consistent with the information in

16   the DOT, the ALJ "determined" that the expert's testimony was

17   consistent with the information in the DOT (A.R. 173).  The ALJ

18   concluded that Plaintiff had not been disabled from October 10, 2003

19   (the alleged onset date) through December 31, 2008 (Plaintiff's last

20   insured date) (A.R. 163, 173).

21

22       The Appeals Council denied review (A.R. 182-85).

23   ///

24   ///

25

26  

27       [1]   The vocational expert also identified ticket seller as a potential job (DOT 211.467-030), but then struck that job

28   because of Plaintiff's restriction on repetitive reaching or handling (A.R. 48-49).

1                          **STANDARD OF REVIEW**

2

3       Under 42 U.S.C. section 405(g), this Court reviews the

4   Administration's decision to determine if: (1) the Administration's

5   findings are supported by substantial evidence; and (2) the

6   Administration used correct legal standards.  See Carmickle v.

7   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

8   499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

9   682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

10  relevant evidence as a reasonable mind might accept as adequate to

11  support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

12  (1971) (citation and quotations omitted); see also Widmark v.

13  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

14

15       If the evidence can support either outcome, the court may

16       not substitute its judgment for that of the ALJ.  But the

17       Commissioner's decision cannot be affirmed simply by

18       isolating a specific quantum of supporting evidence.

19       Rather, a court must consider the record as a whole,

20       weighing both evidence that supports and evidence that

21       detracts from the [administrative] conclusion.

22

23  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

24  quotations omitted).

25  ///

26  ///

27  ///

28  ///

1                                         **DISCUSSION**

2

3  **I.**     **Substantial Evidence Does Not Support the ALJ's Finding that**

4        **Plaintiff Can Perform Other Work.**

5

6      "[T]he best source for how a job is generally performed is

7 usually the Dictionary of Occupational Titles." <u>Pinto v. Massanari</u>,

8 249 F.3d 840, 845 (9th Cir. 2001) (citations omitted).  However, the

9 DOT "is not the sole source of admissible information concerning

10 jobs"; an ALJ also may rely on the testimony of a vocational expert

11 concerning the requirements of a particular occupation.  <u>See Johnson</u>

12 <u>v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995) (citations and

13 quotation omitted).  Before relying on vocational expert testimony

14 concerning the requirements of a particular occupation, "the ALJ must

15 ask the [vocational expert] if his or her testimony is consistent with

16 the DOT." <u>Wentz v. Commissioner Social Sec. Admin.</u>, 401 Fed. App'x

17 189, 191 (9th Cir. 2010) (citing <u>Massachi v. Astrue</u>, 486 F.3d 1149,

18 1152-53 (9th Cir. 2007)); <u>see also</u> <u>Zavalin v. Colvin</u>, 778 F.3d 842,

19 846 (9th Cir. 2015) (discussing the ALJ's duty to resolve an apparent

20 conflict between vocational expert testimony and the DOT; the "failure

21 to resolve an apparent inconsistency may leave. . . a gap in the

22 record that precludes us from determining whether the ALJ's decision

23 is supported by substantial evidence") (citing, <u>inter alia</u>, SSR 00-

24 4p).

25 ///

26 ///

27 ///

28 ///

Social Security Ruling 00-4p[2] provides:

When a [vocational expert] provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about <u>any possible conflict</u> between that [vocational expert] evidence and information provided in the DOT. . . .[3]

If the [vocational expert's] evidence <u>appears to conflict</u> with the DOT, the [ALJ] will obtain a reasonable explanation for the <u>apparent conflict</u>.

When vocational evidence provided by a [vocational expert] is <u>not consistent with</u> information in the DOT, the [ALJ] must resolve this conflict before relying on the [vocational expert] evidence to support a determination or decision that the individual is or is not disabled.  The [ALJ] will explain in the determination or decision how he or she resolved the conflict.  <u>The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified</u> (emphasis added).

///

---

[2]    Social Security rulings are "binding on ALJs."  <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3]    For this purpose, the "information provided in the DOT" includes the information provided in the DOT's "companion publication," the "Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)."  <u>See</u> SSR 00-4p.

1    Elsewhere, SSR 00-4p similarly provides that "[w]hen there is an
2  apparent unresolved conflict between [vocational expert] evidence and
3  the DOT, the [ALJ] must elicit a reasonable explanation for the
4  conflict before relying on the [vocational expert] evidence to support
5  a determination or decision about whether the claimant is disabled."
6  (emphasis added).  "The procedural requirements of SSR 00-4p ensure
7  that the record is clear as to why an ALJ relied on a vocational
8  expert's testimony, particularly in cases where the expert's testimony
9  conflicts with the [DOT]."  Massachi v. Astrue, 486 F.3d at 1153.

10

11    Here, the ALJ purported to rely on vocational expert testimony to
12  find Plaintiff not disabled at step five of the evaluation process
13  without inquiring whether the testimony was consistent with the DOT.
14  See A.R. 29-52, 172-73.  Although the matter is somewhat unclear, the
15  DOT appears to provide that a person precluded from repetitive or
16  constant reaching or overhead work with either arm could not perform
17  the jobs the vocational expert identified.  According to the DOT, the
18  information clerk job requires performing "repetitive or short-cycle
19  work," and "frequent" reaching (i.e., from 1/3 to 2/3 of the time).
20  See DOT 237.367-018 Information Clerk, 1991 WL 672187, at *3 (4th Ed.
21  R 1991).  The job of "cashier II" (identified by the vocational expert
22  as a "cafeteria cashier") requires "frequent" reaching.  See DOT
23  211.462-010 Cashier II, 1991 WL 671840, at *3 (4th Ed. R 1991).  The
24  job of counter clerk requires "occasional" reaching (i.e., up to 1/3
25  of the time).  See DOT 249.366-010 Counter Clerk, 1991 WL 672323, at
26  *3 (4th Ed. R 1991).
27  ///
28  ///

1   "Reaching" means "extending the hands and arms in _any_ direction."

2   SSR 85-15 (emphasis added); see Mkhitaryan v. Astrue, 2010 WL 1752162,

3   at *3 (C.D. Cal. April 27, 2010) (citing the "Selected Characteristics

4   of Occupations Defined in the Revised Dictionary of Occupational

5   Titles," Appendix C). "_Any_ direction" would appear to include

6   reaching overhead.  See id.  Consequently, many courts have discerned

7   a conflict between the requirement of reaching and a preclusion or

8   restriction on reaching (or working) overhead or above the shoulder.

9   See, e.g., Nelson v. Colvin, 2016 WL 1532226, at *3-4 (C.D. Cal.

10  Apr. 14, 2016); Cameron v. Colvin, 2016 WL 1367709, at *6 (C.D. Cal.

11  Apr. 6, 2016);  Bochat v. Colvin, 2016 WL 1125549, at *2 (C.D. Cal.

12  March 22, 2016); Hernandez v. Colvin, 2016 WL 1071565, at *5 (C.D.

13  Cal. March 14, 2016); Imran v. Colvin, 2015 WL 5708500, at *5 (C.D.

14  Cal. Sept. 28, 2015); Carpenter v. Colvin, 2014 WL 4795037, at *7-8

15  (E.D. Cal. Sept. 25, 2014); Skelton v. Commissioner, 2014 WL 4162536,

16  at *13 (D. Or. Aug. 18, 2014); Lamb v. Colvin, 2014 WL 3894919, at *5-

17  6 (E.D. Cal. Aug. 4, 2014); Riffner v. Colvin, 2014 WL 3737963, at *4-

18  5 (C.D. Cal. July 29, 2014); Nguyen v. Colvin, 2014 WL 2207058, at *2-

19  3 (C.D. Cal. May 28, 2014); Barnes v. Colvin, 2014 WL 931123, at *7-8

20  (W.D. Wash. March 10, 2014); Giles v. Colvin, 2013 WL 4832723, at *4

21  (C.D. Cal. Sept. 10, 2013); Winder v. Astrue, 2013 WL 489611, at *2-3

22  (C.D. Cal. Feb. 6, 2013); Duff v. Astrue, 2012 WL 3711079, at *3-4

23  (C.D. Cal. Aug. 28, 2012); McQuone v. Astrue, 2012 WL 3704795, at *3-4

24  (E.D. Cal. Aug. 24, 2012); Newman v. Astrue, 2012 WL 1884892, at *5

25  (C.D. Cal. May 23, 2012); Richardson v. Astrue, 2012 WL 1425130, at

26  *4-5 (C.D. Cal. April 25, 2012); Bentley v. Astrue, 2011 WL 2785023,

27  at *3-4 (C.D. Cal. July 14, 2011); Hernandez v. Astrue, 2011 WL

28  223595, at *5 (C.D. Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL

1752162, at *3; Caruso v. Astrue, 2008 WL 1995119, at *7 (N.D. N.Y.

May 6, 2008); see also Prochaska v. Barnhart, 454 F.3d 731, 736 (7th

Cir. 2006) ("It is not clear to us whether the DOT's requirements

include reaching above shoulder level and this is exactly the sort of

inconsistency the ALJ should have resolved with the expert's help").[4]


    Here, the ALJ did not ask whether the vocational expert's

testimony was consistent with the DOT.  The only comment by the

vocational expert that concerned any possible conflict with the DOT

was the expert's indication that he was relying on his knowledge and

experience regarding Plaintiff's standing and walking limitations

(A.R. 45-46).  Neither the vocational expert nor the ALJ recognized

the possible conflict between the vocational expert's testimony and

the DOT's reaching requirements for the jobs of information clerk,

cafeteria cashier or counter clerk.  Consequently, neither the

vocational expert nor the ALJ provided any explanation that might

support preferring the vocational expert's testimony over the arguably

---

[4]    Case law on this issue is not uniform.  Several courts
have discerned no conflict between the requirement of frequent or
occasional reaching and a preclusion or restriction from reaching
overhead or above the shoulder.  See, e.g., Goodman v. Colvin,
2016 WL 4190738, at *15 (D. Ariz. Aug. 9, 2016); Spooner v.
Colvin, 2016 WL 3947103, at *6 (D. Ariz. July 22, 2016); Parker
v. Colvin, 2014 WL 4662095, at *9 (W.D. Pa. Sept. 18, 2014); King
v. Commissioner, 2013 WL 3456957, at *3 (E.D. Mich. July 9,
2013); Brister v. Colvin, 2013 WL 2318842, at *11-13 (D. Or.
May 27, 2013); Alarcon v. Astrue, 2013 WL 1315968, at *4 (S.D.
Cal. March 28, 2013); Lidster v. Astrue, 2012 WL 13731, at *3
(S.D. Cal. Jan. 3, 2012); Provenzano v. Astrue, 2009 WL 4906679,
at *5 (C.D. Cal. Dec. 17, 2009); Fuller v. Astrue, 2009 WL
4980273, at *2 (C.D. Cal. Dec. 15, 2009); Rodriguez v. Astrue,
2008 WL 2561961, at *2 (C.D. Cal. June 25, 2008); see also
Gutierrez v. Colvin, 2016 WL 4056067, at *1 (9th Cir. July 29,
2016) (unpublished).

conflicting information in the DOT.  This was error.  <u>See</u> SSR 00-4p;

<u>Light v. Social Sec. Admin.</u>, 119 F.3d 789, 794 (9th Cir. 1997) (error

that "[n]either the ALJ nor the vocational expert explained the reason

for departing from the DOT"); <u>Johnson v. Shalala</u>, 60 F.3d at 1435 ("an

ALJ may rely on expert testimony which contradicts the DOT, but only

insofar as the record contains persuasive evidence to support the

deviation").


      At step five of the sequential evaluation process, the burden

shifts from the claimant to the Administration to show that the

claimant is able to perform other work that exists in significant

numbers in the national economy.  <u>Tackett v. Apfel</u>, 180 F.3d 1094,

1100 (9th Cir. 1999); 20 C.F.R. § 416.960(b)(3).  Absent vocational

expert testimony elicited in compliance with SSR 00-4p, the record in

this case lacks substantial evidence that a person with Plaintiff's

limitations could perform other work.  <u>See</u> <u>Zavalin v. Colvin</u>, 778 F.3d

at 846; <u>see generally</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1341 (9th Cir.

1988) (administration may not speculate concerning the requirements of

particular jobs).


      Defendant argues that the failure by Plaintiff's counsel to point

out the possible inconsistency at the time of the administrative

hearing or before the Appeals Council should bar Plaintiff from

arguing the possible inconsistency before this Court (Defendant's

Motion at 3-5 (citing, <u>inter alia</u>, <u>Meanel v. Apfel</u>, 172 F.3d 1111,

1115 (9th Cir. 1999) ("<u>Meanel</u>"))).  The Court disagrees.  In <u>Sims v.</u>

<u>Apfel</u>, 530 U.S. 103, 112 (2000) ("<u>Sims</u>"), the Supreme Court held that

a claimant may raise for the first time before the court arguments not

raised before the Appeals Council.  "Claimants who exhaust
administrative remedies need not also exhaust issues in a request for
review by the Appeals Council in order to preserve judicial review of
those issues."  Id.; see also Hackett v. Barnhart, 395 F.3d 1168, 1176
(10th Cir. 2005) (court discerned error in the ALJ's failure to
address an apparent conflict between the DOT and the testimony of the
vocational expert, even though plaintiff's counsel had failed to argue
the error at the administrative level; "a plaintiff challenging a
denial of disability benefits under 42 U.S.C. § 405(g) need not
preserve issues in the proceedings before the Commissioner or her
delegates" [citing Sims]); Harris v. Apfel, 2001 WL 204836, at *1 (D.
Or. Feb. 19, 2001), aff'd, 40 Fed. App'x 581 (2002) (Commissioner
conceded that Sims "requires" the conclusion that a claimant does not
waive his or her argument by failing to raise the argument before the
ALJ).  "Social security proceedings are inquisitorial rather than
adversarial.  It is the ALJ's duty to investigate the facts and
develop the arguments both for and against granting benefits. . . ."
Sims, 530 U.S. at 110-11.


        Defendant's citation to Meanel does not persuade the Court
otherwise.  First, the Supreme Court's decision in Sims casts
considerable doubt on the continuing validity of the Ninth Circuit's
decision in Meanel.


        Second, as indicated above, it was the Administration and not
Plaintiff who had the burden of proof at step five of the evaluation
process.  See Tackett v. Apfel, 180 F.3d at 1100.  The ALJ did not
make her step five finding until after the administrative hearing when

1  she issued her adverse decision.  Plaintiff's counsel should not be

2  faulted for failing to anticipate at the hearing how the ALJ would

3  rule in her final decision.[5]

4

5      Third, upon receipt of the ALJ's final decision, Plaintiff's

6  counsel did challenge before the Appeals Council the propriety of the

7  ALJ's reliance on the vocational expert's testimony.  See A.R. 503-04.

8  Plaintiff's counsel quoted SSR 00-4p and argued that the ALJ should

9  have clarified whether a person having Plaintiff's limitations could

10 perform the identified jobs.  Id.  Although Plaintiff's counsel did

11 not then question specifically whether the DOT's description of the

12 identified jobs was consistent with Plaintiff's reaching and overhead

13 work limitations, the validity of the ALJ's step five reliance on the

14 vocational expert's testimony was placed in issue before the Appeals

15 Council.

16

17     Fourth, in an attempt to prove administrative error, the claimant

18 in Meanel sought to rely on new evidence which had not been presented

19 to the ALJ or to the Appeals Council.  See Meanel, 172 F.3d at 1115.

20 In the present case, the Court need not receive any new evidence to

21 determine that the ALJ erred.  Cf. Silveira v. Apfel, 204 F.3d 1257,

22 1260 n.8 (9th Cir. 2000) (considering issue raised for the first time

23 on appeal "because it is a pure question of law and the Commissioner

24 will not be unfairly prejudiced by [plaintiff's] failure to raise the

25 _____

26         [5]    An ALJ cannot always be expected to accept and adopt
   the testimony of the vocational expert.  Indeed, the ALJ in the
27 present case did not adopt the vocational expert's testimony that
   Plaintiff could perform two of his past relevant jobs as
28 generally performed.

issue below"; distinguishing <u>Meanel</u> as "a case in which the claimant rest[ed] her arguments on additional evidence presented for the first time on appeal, thus depriving the Commissioner of an opportunity to weigh and evaluate that evidence. . .") (citations omitted).[6]

Fifth, the Appeals Council explicitly instructed on remand that at step five the ALJ should identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the DOT.  Given the Appeals Council's instructions, Plaintiff did not need to raise the matter before the ALJ in order to place the matter in issue.

**II.  The Court is Unable to Conclude that the ALJ's Error Was Harmless.**

"[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted); <u>see</u> <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case

---

[6]     Defendant's citations to the unpublished decisions in <u>Phillips v. Colvin</u>, 593 Fed. App'x 683, 684 (9th Cir. 2015) and <u>Solorzano v. Astrue</u>, 2012 WL 84527 (C.D. Cal. Jan. 10, 2014) are unconvincing.  These decisions are not controlling authority.  In light of <u>Sims</u>, this Court agrees with the Eastern District that "[t]o the extent [cases such as <u>Solorzano</u>] stand for the proposition that a plaintiff is barred from seeking reversal of an erroneous ALJ decision when they neglect to object to said errors at the hearing, they are unconvincing."  <u>Clark v. Colvin</u>, 2015 WL 5601406, at *6 (E.D. Cal. Sept. 22, 2015).

1    to the agency"); cf. McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir.
2    2011) (error not harmless where "the reviewing court can determine
3    from the 'circumstances of the case' that further administrative
4    review is needed to determine whether there was prejudice from the
5    error").   Under these standards, the Court is unable to conclude that
6    the ALJ's error was harmless.

7

8        First, as previously indicated, substantial evidence fails to
9    support the ALJ's step five determination that Plaintiff can perform
10   the jobs identified.   Second, the ALJ did not inquire of the
11   vocational expert whether the assessed limitations would erode the
12   occupational bases for the jobs identified to determine whether a
13   significant number of jobs would exist for a person with Plaintiff's
14   limitations.   See A.R. 156 (Appeals Council order instructing the ALJ
15   to do the same).   Whether there exists a significant number of jobs is
16   a question of fact to be determined in the first instance by the ALJ.
17   See Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).

18

19   **III. Remand for Further Administrative Proceedings is Appropriate.**

20

21       The circumstances of this case warrant remand for further
22   administrative proceedings, which could remedy the ALJ's errors.   See
23   McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S.
24   12, 16 (2002) (upon reversal of an administrative determination, the
25   proper course is remand for additional agency investigation or
26   explanation, except in rare circumstances); Dominguez v. Colvin, 808
27   F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes
28   that further administrative proceedings would serve no useful purpose,

1  it may not remand with a direction to provide benefits"); <u>Treichler v.</u>

2  <u>Commissioner</u>, 775 F.3d at 1101 n.5 (remand for further administrative

3  proceedings is the proper remedy "in all but the rarest cases").

4

5                                  **CONCLUSION**

6

7       For all of the foregoing reasons, Plaintiff's and Defendant's

8  motions for summary judgment are denied and this matter is remanded

9  for further administrative action consistent with this Opinion.

10

11       LET JUDGMENT BE ENTERED ACCORDINGLY.

12

13            DATED: August 24, 2016.

14

15                              _____

16                                        /s/
                                  CHARLES F. EICK
17                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28